United States District Court
Southern District of Texas
**ENTERED**
November 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JIMMY D MARTIN, § | | |
| TDCJ #01575966, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | | CIVIL ACTION NO. 3:17-CV-0363 |
| § | | |
| UTMB, *et al*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmy D. Martin filed this civil rights complaint (Dkt. 1) under 42 U.S.C. § 1983 while he was an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Martin proceeds *pro* se and *in forma pauperis*. On October 31, 2018, the Court dismissed Martin's complaint with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted (Dkt 21, Dkt 22). Plaintiff has filed a motion for rehearing and to reinstate (Dkt. 24), which the Court construes as a timely motion under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment.

Rule 59(e) serves the narrow purpose of allowing a party to bring errors of newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A motion for reconsideration under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, a Rule 59(e) motion challenging a judgment entered on the pleadings is

informed by the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Under Rule 15(a), leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id*. at 864 (internal citation, quotation marks, and alteration omitted). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (internal citation and quotation marks omitted).

The Court's previous order carefully considered Martin's complaint and other filings, which alleged that the defendants were liable for negligence or medical malpractice because he received inadequate treatment for a skin condition. The Court dismissed Martin's complaint because, under the relevant legal authorities, he failed to state a valid claim for relief under the Eighth Amendment. *See* Dkt. 21 (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009); *Gobert v. Caldwell*, 463

F.3d 339, 345-46 (5th Cir. 2006); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

Martin's motion under Rule 59(e) brings arguments that he made, or could have made, before entry of judgment. *See Templet*, 367 F.3d at 479 (a motion for reconsideration is not the proper vehicle to make arguments that could have been raised previously). To the extent his current motions could be construed as a request for leave to amend his pleadings, the motion would be denied because he has failed to show diligence and because his amendment would be futile. *See Rosenzweig*, 332 F.3d at 864. The Court is satisfied, after careful review of Martin's motions and all matters of record, that he has pleaded his best case. *See Jacquez*, 801 F.2d at 793; *Bazrowx*, 136 F.3d at 1054.

Plaintiff's motion for rehearing and to reinstate (Dkt. 24) is **DENIED**

SIGNED at Galveston, Texas, this 21st day of November, 2018.

_____
George C. Hanks Jr.
United States District Judge